UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nathaniel Magwood, | ) | **C/A:** 2:13-307-DCN-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | REPORT AND |
| vs. | ) | RECOMMENDATION |
| | ) | |
| United States District Court; | ) | |
| City of Charleston, Police Department; | ) | |
| Charleston County Police Department, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action filed by the Plaintiff *pro se*, and is before the Court for pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (pleadings by non-prisoners should also be screened). Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (en banc), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.



§ 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319. Further, while this Court is also required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

### Allegations of the Complaint

It appears from the allegations of the Complaint that, after an investigation by Defendants City of Charleston Police Department and Charleston County Police Department,[1] Plaintiff was arrested by the federal government. According to this Court's records,[2] on February 15, 2012, a warrant was issued for Plaintiff's arrest pursuant to an indictment. *United States v. Magwood*, Cr. No. 2:11-2037. On March 9, 2012, Plaintiff was arrested, entered a plea of not guilty, and detained pending trial. Plaintiff's trial began on October 9, 2012, and on October 11, 2012, he was found not guilty.

---

[1] The law enforcement division of the *County* of Charleston is the "Charleston County Sheriff's Office," not Police Department as listed by Plaintiff.

[2] This Court may take judicial notice of its own records. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (District Court clearly had the right to take notice of its own files).

2



The Complaint details Plaintiff's issues with the sufficiency of the evidence in his case and complains that since "being falsely accused I've had a hard time adjusting mentally from being frustrated and constantly in a stressful [sic] during my incarceration and upon my release I still reflects [sic] on my life that almost got taken away for nothing." (ECF No. 1 at 4.) Plaintiff also alleges that, while incarcerated, he did not receive proper medical care or therapy for a pre-existing back injury.

**Discussion**

Plaintiff asserts his claims under 42 U.S.C. § 1983, alleging that his arrest, detention, and prosecution violated his constitutional rights. Plaintiff also appears to complain of negligence with regard to his medical care. However, Plaintiff has not sued any of the individuals involved in these alleged actions; rather, he has chosen to proceed against the City of Charleston Police Department, the Sheriff's Department of Charleston County, and the court in which the Government prosecuted his charges.

*United States District Court*

With respect to the Defendant United States District Court, the Complaint may be liberally construed as asserting constitutional claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. *Id.* at 397; *see also Carlson v. Green*, 446 U.S. 14, 18 (1980); *Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). However, under the well-established legal doctrine of sovereign immunity, the United States, its departments and its agencies cannot be sued without its express consent. *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Global Mail Ltd. v. U.S. Postal Serv.*,



142 F.3d 208, 210 (4th Cir. 1998) (federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit). The United States has not consented to such suits. *Moore v. U.S. Dep't of Agric.*, 55 F.3d 991, 995 (5th Cir. 1995) ("*Bivens*-type claims cannot be brought against federal agencies"); *FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994) (declining to extend *Bivens* to permit suit against a federal agency).

To the extent that the *pro se* Complaint could be further liberally construed as one seeking to recover damages relating to Plaintiff's incarceration and medical care allegedly caused by wrongdoing of this Court under the Federal Torts Claim Act (FTCA),[3] this Court does not have subject matter jurisdiction to consider such claims. Pursuant to the FTCA, the United States government has waived its sovereign immunity in the area of personal injuries allegedly caused by government officials or employees so that, under specific and limited circumstances, an injured party may sue the United States for damages allegedly caused by an agency such as this Court. However, in order to do so, prospective litigants must strictly comply with the requirements of the FTCA, *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979), and the burden is on the plaintiff in an FTCA case to prove that s/he completed all the conditions precedent to filing a lawsuit. *Kielwien v. United States*, 540 F.2d 676, 679 (4th Cir. 1976). These conditions require that within two (2) years of the discovery of the subject personal injury(ies), an administrative claim must be filed on the "Standard Form 95" with the appropriate federal agency before commencement of a civil action in a district court under the FTCA. *See* 28 U.S.C. § 2401(b) (administrative claim must be filed "within two years after such claim accrues"); 28 C.F.R. § 14.2 (references Standard Form 95 and

---

[3] *See* 28 U.S.C. §§ 1346, 2674. The FTCA waives the sovereign immunity of the United States in certain situations.

4



methods of presentation of claim to applicable agency).  Here, although Plaintiff does not refer to the FTCA anywhere in his Complaint as being the basis for his lawsuit, even if he had done so, the United States District Court is entitled to summary dismissal as a party Defendant because there is no indication that Plaintiff complied with FTCA pre-suit requirements such as the filing and prosecution of formal administrative claims with the appropriate federal agencies before commencement of this civil action.  *See* 28 U.S.C. § 2675; *Myers & Myers, Inc. v. U.S. Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975); *see also* 28 C.F.R. § 14.2.

*City of Charleston Police Department*

With respect to Plaintiff's claim that his constitutional rights were violated by the City of Charleston Police Department, a city or city department may be sued in federal court under 42 U.S.C. § 1983 only if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  This Defendant cannot be held liable just because its employees work for the city, as there is no governmental liability under § 1983 based upon the doctrine of respondeat superior, nor may a governmental entity be held liable under § 1983 merely because it employs a tortfeasor.  *Monell*, 436 U.S. at 691–92.  Rather, as noted, a city or city department may only be liable for damages when the execution of the city's or Department's policy or custom results in an alleged injury.  *Id.* at 694; *Spell v. McDaniel*, 824 F.2d 1380 (4th Cir. 1987), *cert. denied*, 484 U.S. 1027 (1988).  As stated by the Supreme Court:

> Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policy maker.  Otherwise the existence of the unconstitutional policy, and its origin, must be separately proved.  But where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be



5


> necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the "policy" and the constitutional deprivation.

*City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (plurality opinion) (footnotes omitted).

Plaintiff has failed to cite to any alleged facts or evidence sufficient to create a genuine issue of fact as to whether the actions of the investigators in this case, to the extent they even amounted to a constitutional violation, were the result of a custom or policy of the Defendant city police department. Indeed, Plaintiff does not even allege anywhere in his Complaint that the investigators' actions of which he complains were the result of a custom or policy of the City of Charleston Police Department. In sum, Plaintiff cites to no specific policy of the City of Charleston Police Department which refers to the conduct alleged in this case, or which would serve to create a genuine issue of fact as to whether this Defendant condoned, through a policy or procedure of the City of Charleston Police Department, improper arrests and/or prosecutions by police officers. Accordingly, this cause cannot proceed against this Defendant.

*Charleston County Sheriff's Department*

As to the Sheriff's Department of the County of Charleston, it is well established in South Carolina that a Sheriff's office is an agency of the State. *Stewart v. Beaufort Cty.*, 481 F. Supp. 2d 483, 492 (D.S.C. 2007). As such, as asserted against the Charleston County law enforcement division, this cause of action is a suit against the State of South Carolina itself. *Id.*; *see also Gulledge v. Smart*, 691 F. Supp. 947 (D.S.C. 1988), *aff'd*, 878 F.2d 379 (1989); *Carroll v. Greenville Cty. Sheriff's Dep't,* 871 F. Supp. 844, 845–46 (D.S.C. 1994).



The South Carolina Tort Claims Act waives the State of South Carolina's sovereign immunity in state court for certain tort claims, but specifically reserves South Carolina's Eleventh Amendment immunity from suit in federal court. S*ee* S. C. Code Ann. § 15-78-20(e) ("Nothing in this chapter is construed as a waiver of the state's ... immunity from suit in federal court under the Eleventh Amendment to the Constitution of the United States ...."). Therefore, this Defendant is immune from suit on Plaintiff's claims in this Court and is entitled to dismissal.

*False Arrest/Imprisonment*

Even if Plaintiff had named a Defendant in this action against whom a claim could proceed, to the extent that Plaintiff's claim is one for false arrest/imprisonment, the fact that Plaintiff was acquitted of the charges filed against him does not by itself entitle him to relief on this claim. Rather, the standard to determine the lawfulness of an arrest is whether probable cause existed for the arrest, and in assessing the existence of probable cause for an arrest, courts examine the totality of the circumstances known to the officer or officers at the time of the arrest. *Taylor v. Waters*, 81 F.3d 429, 434 (4th Cir. 1996); *White v. Coleman*, 277 F. Supp. 292, 297 (D.S.C. 1967). Thus, a claim for unlawful arrest cannot prevail if an indictment preceded the arrest, as the filing of an indictment in and of itself establishes probable cause. *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997). Hence, any claim by Plaintiff that his arrest was unlawful is without merit as the Government first issued an indictment, and there are no allegations of police misconduct. *See United States v. Magwood*, Cr. No. 2:11-2037 (ECF No. 496); *cf. Evans v. Chalmers*, 703 F.3d 636, 648 (4th Cir. 2012) (Setting forth standard for police officer liability).

Further, in order to state a cognizable § 1983 claim for false arrest, a plaintiff must allege that his arrest was made without an arrest warrant. *See Porterfield v. Lott*, 156 F.3d 563, 568

7



(4th Cir. 1998) ("[A] claim for false arrest may be considered only when no arrest warrant has been obtained."). Although the Complaint does not mention an arrest warrant, a review of the docket in Plaintiff's criminal case clearly indicates that he was arrested pursuant to an arrest warrant. *Magwood*, Cr. No. 2:11-2037 (ECF No. 627). Thus, any false arrest claim Plaintiff may allege must fail. Additionally, to the extent Plaintiff is claiming negligence or improper investigation of his criminal charges, such claims are not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987).

That Plaintiff was arrested pursuant to a warrant also negates any claim of false imprisonment, as "[a]n action for false imprisonment cannot be maintained where one is arrested by lawful authority." *Jones v. City of Columbia*, 301 S.C. 62, 389 S.E.2d 662, 663 (1990); *see also Wallace v. Kato*, 549 U.S. 384, 388–89 (2007) ("False arrest and false imprisonment overlap; the former is a species of the latter.... The sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process ...."); *cf. Wray v City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (police officer not liable "in the absence of evidence that the [the officer] misled or pressured the prosecution").

*Failure to Request Relief*

Finally, Plaintiff has failed to request any relief or suggest to this Court any remedy for his claims. In the section of the Complaint entitled, "Relief," Plaintiff simply states: "Do to my physical and mental health conditions, benefits, fianicial situation and the lost off my immediate



family and others whom I have strain on during the 8 month being incarcerated I have lost to death, and personal problems."  (ECF No. 1 at 5 (errors in original).)

Were this Court to find that Plaintiff's rights have been violated, but order no remedy, it would, in effect, be rendering an advisory opinion; such action is barred by Article III of the Constitution.  *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *see also Norvell v. Sangre de Cristo Dev. Co.*, 519 F.2d 370, 375 (10th Cir. 1975) (federal courts do not render advisory opinions).  In addressing the plaintiff's failure to request specific relief in an analogous situation, the Tenth Circuit Court of Appeals stated:  "This court would violate Article III's prohibition against advisory opinions were it to do that which [Plaintiff] requests, i.e., issue a mere statement that the EPA's interpretation and application of the law was incorrect without ordering some related relief."  *Public Ser. Co. v. EPA*, 225 F.3d 1144, 1148 n.4 (10th Cir. 2000); *cf. James Madison Ltd. by Hecht v. Ludwig,* 82 F.3d 1085, 1092 (D.C. Cir. 1996) (holding that, if the court were prohibited from granting the requested relief, its decision "would be an advisory opinion barred by Article III of the Constitution").

It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for state prisoners or *pro se* litigants. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Hence, in the absence of a request for relief from the Plaintiff, the Complaint filed in this case is frivolous and subject to summary dismissal on this additional ground.

### Recommendation

Accordingly, it is recommended that the Court dismiss the Complaint in the above-captioned case without prejudice and without issuance and service of process. *See Denton*



*v. Hernandez*, *supra*; *Neitzke v. Williams*, *supra*; *Haines v. Kerner*, *supra*; *Todd v. Baskerville*, *supra*, 712 F.2d at 74; 28 U.S.C. § 1915.

                                                                  _____
                                                                  Bristow Marchant
                                                                  United States Magistrate Judge

February 25, 2013
Charleston, South Carolina

           ***Plaintiff's attention is directed to the important notice on the next page.***

10



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

